**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS HENDON,<br><br>        Plaintiff,<br><br>v.<br><br>DAVEY,<br><br>        Defendant. | Case No.: 1:17-cv-00661-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING PLAINTIFF TO PAY FILING FEE WITHIN THIRTY DAYS FOLLOWING THE ORDER RESOLVING THE INSTANT RECOMMENDATION<br><br>[ECF No. 2] |

Plaintiff Carlos Hendon is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**INTRODUCTION**

On May 12, 2017, Plaintiff Carlos Hendon, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis, 28 U.S.C. § 1915(a). (ECF Nos. 1 and 2.) However, Plaintiff is subject to section 1915(g) of the statute, and he may only proceed in forma pauperis if he has met the imminent danger exception. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1051-1052 (9th Cir. 2007).

///

///

///

1

## II.
## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.
## DISCUSSION

Plaintiff has suffered three or more strikes under section 1915(g). The Court takes judicial notice of the following cases:[1] Hendon v. Witcher, et.al., Case No. 1:05-cv-01246-AWI-DLB (PC( (E.D. Cal. Aug. 6, 2007) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Hendon v. Rogel, et.al., Case No. 2:05-cv-01063-DFL-PAN (JFM) (PC) (E.D. Cal. Aug. 28, 2006) (same); (3) Hendon v. White, et al., Case No. 2:07-cv-01825-GEB-CMK (PC) (E.D. Cal. Feb. 5, 2008) (same).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit on May 12, 2017. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978).

merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews, 493 F.3d at 1053. At the time Plaintiff filed the instant complaint, Plaintiff was housed at California State Prison-Sacramento where he is presently housed. Plaintiff contends from May to October of 2015, he was incarcerated at California State Prison, Corcoran. During that time, he was housed in the Security Housing Unit (SHU), and was denied shower shoes, subjected to constant lighting, subjected to constant noise, forced to remain in a cell with nauseas odors, and had limited personal belongings. Plaintiff requests compensatory and punitive damages as relief. The complaint does not demonstrate that Plaintiff is presently in imminent danger of serious physical injury. Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and
2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

///
///
///
///
///
///

3

Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 15, 2017**__

UNITED STATES MAGISTRATE JUDGE